United States Bankruptcy Court
Middle District of Pennsylvania

In re:                                                          Case No. 24-00727-MJC
James Alfred Cruz                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#      Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 28, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | James Alfred Cruz, 151 Legion Rd, Bloomsburg, PA 17815-9621 |
| 5605583 | #+ | Darlene Cruz, 12600 N MacArthur Blvd - Apt 906, Oklahoma City, OK 73142-2946 |
| 5605587 | + | Philadelphia FCU, 425 Phillips Blvd, Trenton, NJ 08618-1430 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: CollectionsDept@PFCU.COM | Mar 26 2025 18:40:00 | Philadelphia Federal Credit Union, 12800 Townsend Road, Philadelphia, PA 19154 |
| 5620443 | | Email/Text: BKelectronicnotices@cenlar.com | Mar 26 2025 18:40:00 | Cenlar FSB Attn BK Dept, 425 Phillips Blvd, Ewing, NJ 08618 |
| 5660032 | + | EDI: IRS.COM | Mar 26 2025 22:41:00 | Internal Revenue Service, P O BOX 7346, Philadelphia PA 19101-7346 |
| 5605584 | | EDI: JEFFERSONCAP.COM | Mar 26 2025 22:41:00 | Jefferson Capital System, 16 McLeland Road, Saint Cloud, MN 56303 |
| 5605585 | + | EDI: JPMORGANCHASE | Mar 26 2025 22:41:00 | JPMCB - Card Services, 301 N Walnut St - Floor 09, Wilmington, DE 19801-3971 |
| 5605586 | + | EDI: AGFINANCE.COM | Mar 26 2025 22:41:00 | One Main, 100 International Drive 15th Floor, Baltimore, MD 21202-4784 |
| 5611502 | + | EDI: AGFINANCE.COM | Mar 26 2025 22:41:00 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains**

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2025                     Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2025 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Charles Laputka | on behalf of Debtor 1 James Alfred Cruz claputka@laputkalaw.com jen@laputkalaw.com;jbolles@laputkalaw.com;laputka.charlesb@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor Philadelphia Federal Credit Union bkgroup@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |
| William J Levant | on behalf of Creditor Philadelphia Federal Credit Union efile.wjl@kaplaw.com |

TOTAL: 5

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **James Alfred Cruz** | Social Security number or ITIN    xxx–xx–8902 |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN  _ _ _ _ |
| (Spouse, if filing) | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:24–bk–00727–MJC | |

## Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

James Alfred Cruz

**By the court:**

3/26/25

Mark J. Conway, United States
Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- ♦ some debts which the debtors did not properly list;

- ♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- ♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- ♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**